IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LAURA WEISENBURGER,<br><br>　　　　　　　　Plaintiff<br><br>vs.<br><br>TEAM HEALTH, LLC D/B/A ALCOA BILLING CENTER, HEALTHCARE REVENUE RECOVERY GROUP LLC, AND SOUTHEASTERN EMERGENCY PHYSICIANS OF MEMPHIS, LLC,<br><br>　　　　　　　　Defendants. | Case Number:　19-CV-04074<br><br>JURY TRIAL DEMAND |

## COMPLAINT

COMES NOW Plaintiff, by and through counsel, and for Plaintiff's causes of action against Defendant states as follows:

1. Plaintiff is a resident of Missouri.

2. Defendant Team Health, LLC d/b/a Alcoa Billing Center is an Illinois Limited Liability Company.

3. At all times relevant hereto, Defendant Team Health, LLC d/b/a Alcoa Billing Center was and is engaged in the business of collecting consumer debts in Missouri.

4. Defendant Southeastern Emergency Physicians of Memphis, LLC is a Tennessee Limited Liability Company.

5. At all times relevant hereto, Defendant Southeastern Emergency Physicians of Memphis, LLC was and is engaged in the business of providing medical treatment in Missouri.

6. Defendant Healthcare Revenue Recovery Group LLC is a Florida Limited Liability Company.

7. At all times relevant hereto, Defendant Healthcare Revenue Recovery Group LLC was and is engaged in the business of collecting consumer debts in Missouri.

8. On July 10, 2017, Plaintiff Laura Weisenburger was injured in an automobile collision in Sedalia, Missouri.

9. Plaintiff sought treatment for injuries sustained in the July 10, 2017 accident.

10. Plaintiff was treated by Defendant Southeastern Emergency Physicians of Memphis, LLC related to injuries she sustained in the July 10, 2017 automobile collision.

11. As of July 10, 2017, Plaintiff Laura Weisenburger had previously contracted with United Healthcare to provide health insurance.

12. On or about July 12, 2017 Plaintiff Laura Weisenburger returned for treatment related to follow up on complications sustained in the July 10, 2017 automobile collision.

13. The expenses for treatment for injuries sustained by Plaintiff Laura Weisenburger in the July 10, 2017 automobile collision would have been covered by the health insurance provided by Plaintiff Laura Weisenburger on or about July 10, 2017 if timely claims were made.

14. If timely claims were made by Defendant Southeastern Emergency Physicians for expenses for treatment for injuries sustained by Plaintiff Laura Weisenburger in the July 10, 2017 automobile collision, Plaintiff's health insurance would have been obligated to pay those expenses pursuant to the contract with Plaintiff Laura Weisenburger for health insurance.

15. If timely claims were made by Defendant Southeastern Emergency Physicians of Memphis, for expenses for treatment for injuries sustained by Plaintiff Laura Weisenburger in the July 10, 2017 automobile collision, Plaintiff Laura Weisenburger would not have been obligated to pay those expenses because of the contract between Plaintiff Laura Weisenburger and United Healthcare for health insurance.

16. As of July 10, 2017, Defendant Southeastern Emergency Physicians of Memphis, LLC accepted health insurance of the type provided by July 10, 2017 to Plaintiff Laura Weisenburger.

17. As of July 10, 2017, Defendant Southeastern Emergency Physicians of Memphis, LLC accepted United Healthcare health insurance.

18. On or about July 10, 2017, Defendant Southeastern Emergency Physicians of Memphis, LLC collected information from Plaintiff Laura Weisenburger about the health insurance contract between United Healthcare and Plaintiff Laura Weisenburger.

19. On or about July 10, 2017, Defendant Southeastern Emergency Physicians of Memphis, LLC collected information from Plaintiff Laura Weisenburger about the health insurance contract between United Healthcare and Plaintiff Laura Weisenburger for purposes of submitting a claim to United Healthcare for payment of medical expenses.

20. Plaintiff Laura Weisenburger relied on Defendant Southeastern Emergency Physicians of Memphis, LLC as her medical provider, for purposes of submitting a claim to United Healthcare on or after July 10, 2017 for payment of medical expenses.

21. On or about July 10, 2017 through July 12, 2017 Plaintiff Laura Weisenburger incurred medical expenses to Defendant Southeastern Emergency Physicians of Memphis, LLC of an amount of at least $2,567.00.

22. Defendant Southeastern Emergency Physicians of Memphis, LLC did not make a claim for payment of the expenses from Plaintiff Laura Weisenburger's Health Insurance within the time frames required by her contract with United Healthcare to have Plaintiff's expenses covered by her health insurance.

23. Defendant Southeastern Emergency Physicians of Memphis, LLC did not seek

3
Case 2:19-cv-04074-NKL   Document 1   Filed 04/16/19   Page 3 of 12

reimbursement of its bills from Plaintiff Laura Weisenburger's health insurance within the time frames required by its contract with United Healthcare to have Plaintiff's expenses covered by her health insurance.

24. In lieu of making a claim for payment of the expenses from Plaintiff Laura Weisenburger's Health Insurance or seeking reimbursement, Defendant Southeastern Emergency Physicians of Memphis, LLC sought payment directly from Plaintiff Laura Weisenburger.

25. In an attempt to collect payment for Plaintiff Laura Weisenburger, Defendant Southeastern Emergency Physicians of Memphis, LLC hired Team Health, LLC d/b/a Alcoa Billing Center to collect the debt.

26. On October 17, 2018, Defendant Team Health, LLC d/b/a Alcoa Billing Center sent a demand letter to Plaintiff demanding payment of $2,567.00.

27. On October 29, 2018, Plaintiff's attorney, Eryn Peddicord, faxed a letter to Team Health, LLC d/b/a Alcoa Billing Center notifying the Defendant of her representation of Plaintiff.

28. The October 29, 2018 letter described the issue regarding Defendant Southeastern Emergency Physicians of Memphis, LLC's failure to timely submit the bills to health insurance and the subsequent denial.

29. Included with the October 29, 2018 letter was the denial of the claim by United Healthcare which clearly shows that it was denied for untimely submission as required by the provider's contract.

30. On November 20, 2018, Defendant Team Health, LLC d/b/a Alcoa Billing Center again sent a demand letter to Plaintiff demanding payment of $2,567.00.

31. On January 9, 2019, Defendant Team Health, LLC d/b/a Alcoa Billing Center again sent a demand letter to Plaintiff demanding payment of $2,567.00.

32. On February 9, 2019, Plaintiff received yet another demand letter from Defendant Healthcare Revenue Recovery Group LLC demanding payment of $2,567.00.

33. On information and belief, Defendant Southeastern Emergency Physicians of Memphis, LLC refused to submit Plaintiff Laura Weisenburger's medical bills for payment.

## COUNT I
## VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT
### (As to Defendant Southeastern Emergency Physicians of Memphis, LLC and Defendant Team Health, LLC d/b/a Alcoa Billing Center)

Comes now Plaintiff and for Count I against Defendant Southeastern Emergency Physicians of Memphis, LLC and Defendant Team Health, LLC d/b/a Alcoa Billing Center states and alleges to the Court:

34. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. Defendant Southeastern Emergency Physicians of Memphis, LLC is subject to the requirements and provisions of the Missouri Merchandising Practices Act.

36. Defendant Team Health, LLC d/b/a Alcoa Billing Center is subject to the requirements and provisions of the Missouri Merchandising Practices Act.

37. Defendant Southeastern Emergency Physicians of Memphis, LLC and Defendant Team Health, LLC d/b/a Alcoa Billing Center's conduct as described herein constitutes violations of R.S.Mo. §407.020.

38. Defendant Southeastern Emergency Physicians of Memphis, LLC and Defendant Team Health, LLC d/b/a Alcoa Billing Center's acts, use and employment of deception, false pretenses, false promises, misrepresentation, unfair practices and concealment, suppression, or omission of material facts for the sale of consumer products in trade and commerce, is an unlawful practice.

39. Under R.S.Mo. § 407.020, Plaintiff is entitled to recover actual damages; punitive damages; attorney's fees and expenses for Defendant's violations of R.S.Mo. §407.020; and to equitable relief.

40. As a direct result of Defendant Southeastern Emergency Physicians of Memphis, LLC and Defendant Team Health, LLC d/b/a Alcoa Billing Center's unlawful acts and practices, Plaintiff incurred actual damages.

41. Plaintiff has incurred attorney's fees and continues to incur said fees, which can be recovered under the Missouri Merchandising Practices Act, R.S.Mo. §407.020.

WHEREFORE, Plaintiff prays for judgment against Defendant Southeastern Emergency Physicians of Memphis, LLC and Defendant Team Health, LLC d/b/a Alcoa Billing Center for such actual and punitive damages as are fair and reasonable for violations of the R.S.Mo. §407.020; for Plaintiff's reasonable attorney's fees and expenses; for injunctive relief, and for the costs of this action; and for such relief as the Court considers just and proper.

## COUNT II
## FAIR DEBT COLLECTION PRACTICES ACT
## (Defendant Team Health, LLC d/b/a Alcoa Billing Center Only)

COMES NOW Plaintiff Laura Weisenburger, and as for Count II against Defendant Team Health, LLC d/b/a Alcoa Billing Center, states and alleges as follows:

42. Plaintiff incorporates herein the preceding paragraphs as though fully set forth hereunder.

43. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

44. The Court has concurrent jurisdiction over the Fair Debt Collection Practices Act

6
Case 2:19-cv-04074-NKL   Document 1   Filed 04/16/19   Page 6 of 12

pursuant to 15 USC §1692k(d).

45. Plaintiff is a consumer as defined by 15 USC §1692a (3) of the FDCPA.

46. The principal purpose of Defendant Team Health, LLC d/b/a Alcoa Billing Center is the collection of consumer debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

47. Defendant Team Health, LLC d/b/a Alcoa Billing Center is a debt collector as defined by 15 USC §1692a(3) who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or by taking of assignment of a debt already declared to be in default by the originating creditor.

48. The Defendant Team Health, LLC d/b/a Alcoa Billing Center was attempting to collect a consumer debt as defined by 15 USC §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

49. Defendant Team Health, LLC d/b/a Alcoa Billing Center is the third debt collector who has attempted to collect a debt of another from Plaintiff. 15 U.S.C. §1692e, entitled false or misleading representations, states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: the false representation of the character, amount, or legal status of any debt (15 U.S.C. §1692e(2)(A)); and the threat to take any action that cannot legally be taken or that is not intended to be taken (15

U.S.C. § 1692e(5)); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer (15 U.S.C. §1692e(10)).

52. 15 U.S.C. §1692f, entitled unfair practices, states that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

53. Without limiting the general application of the foregoing, the following conduct is a violation of this section: the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law (15 U.S.C. §1692f (1)).

54. 15 U.S.C. §1692e, entitled false or misleading representations, states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

55. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The false representation of the character, amount, or legal status of any debt (15 U.S.C. §1692e(2)(A)); and the threat to take any action that cannot legally be taken or that is not intended to be taken (15 U.S.C. §1692e(5)); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer (15 U.S.C. §1692e(10)).

56. 15 U.S.C. §1692f, entitled unfair practices, states that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

57. Without limiting the general application of the foregoing, the following conduct is a violation of this section: the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law (15 U.S.C. §1692f (1)). The above described acts

are misleading to the unsophisticated consumer.

59. In addition to § 1692e(11) requires that debt collectors disclose that communications are from a debt collector.

60. No correspondence from Defendant Team Health, LLC d/b/a Alcoa Billing Center alleged that the communications were from a debt collector.

61. 15 U.S.C. § 1692c, entitled Communication with the consumer generally, prohibits a debt collector from communicating with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

62. Defendant Team Health, LLC d/b/a Alcoa Billing Center violated 15 U.S.C. § 1692c by contacting a represented party multiple times by letter after being notified of the representation.

63. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debts.

64. Because of the above violations of the stated Act, the Defendant Team Health, LLC d/b/a Alcoa Billing Center is liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. § 1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant Team Health, LLC d/b/a Alcoa Billing Center for actual damages; statutory damages pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

# COUNT III
# VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
# (As to Defendant Healthcare Revenue Recovery Group LLC Only)

COMES NOW Plaintiff and for Count III against Defendant Healthcare Revenue Recovery Group LLC states and alleges to the Court:

65. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

66. Plaintiff is a consumer as defined by 15 USC § 1692a(3) of the FDCPA.

67. Defendant Healthcare Revenue Recovery Group LLC is a debt collector as defined by 15 USC §1692a(3) who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or by taking of assignment of a debt already declared to be in default by the originating creditor.

68. Defendant Healthcare Revenue Recovery Group LLC was attempting to collect a consumer debt as defined by 15 USC §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

69. 15 U.S.C. §1692f, entitled unfair practices, states that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

70. Without limiting the general application of the foregoing, the following conduct is a violation of this section: the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law (15 U.S.C. §1692f (1)).

71. Defendant Healthcare Revenue Recovery Group LLC violated 15 U.S.C. 1692f by making demand for payment from Plaintiff that was not owed.

72. Defendant Healthcare Revenue Recovery Group LLC violated 15 U.S.C. 1692e(10) which states a debt collector may not use any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

73. The above-described acts are misleading to the least sophisticated consumer.

74. Plaintiff has suffered actual damages as a result of Defendant's above-described acts.

75. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt, which she did not owe.

76. Because of the above violations of the stated Act, Defendant Healthcare Revenue Recovery Group LLC is liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant Healthcare Revenue Recovery Group LLC for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

Respectfully submitted,

By: /s/ A.J. Stecklein
A.J. Stecklein		#46663
Michael Rapp		#66688
Matthew Robertson	#70442
Stecklein & Rapp Chartered
748 Ann Avenue, Suite 101
Kansas City, KS 66101
Telephone:	(913) 371-0727
Facsimile:	(913) 371-0727
Email: aj@kcconsumerlawyer.com
	mr@kcconsumerlawyer.com
	msr@kcconsumerlawyer.com
**Attorneys for Plaintiff**

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

By: /s/ A.J. Stecklein
Attorney for Plaintiff